UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Morris Tyler, #138551, | ) C/A No. 6:13-3076-JMC-KFM |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Warden Leroy Cartledge, | ) |
| Respondent. | ) |

Petitioner Morris Tyler ("Petitioner"), a prisoner at McCormick Correctional Institution in McCormick, South Carolina, challenges his confinement in a habeas petition pursuant to 28 U.S.C. § 2254. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Petitioner is serving a life sentence imposed January 17, 2002, in Aiken County, and challenges that conviction and sentence herein. However, Petitioner previously filed a § 2254 petition challenging this conviction and sentence, which was dismissed on the merits. The instant petition is therefore successive and is presented without an order from the Fourth Circuit Court of Appeals authorizing this court to consider a successive petition. The petition is therefore subject to summary dismissal.

<u>Standard of Review</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a

federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See *Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background and Discussion

Petitioner was found guilty at jury trial of four counts of criminal sexual conduct with a minor, second degree, in Aiken County on January 17, 2002. ECF No. 1 at 1-2. His conviction was affirmed on appeal, and an application for Post-Conviction Relief (PCR) was unavailing. ECF No. 1 at 3-4. Petitioner previously challenged this conviction in C/A No. 6:07-3612-CMC-WMC. On summary judgment in that prior case, the petition was dismissed on the merits. ECF No. 20, C/A No. 6:7-3612-CMC-WMC.

With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after a petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241).

As noted above, Petitioner has filed a prior § 2254 habeas corpus action in this court. This court may take judicial notice of Petitioner's prior § 2254 case. See *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The

District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

This court does not address the merits of Petitioner's arguments at this time, as this petition is successive and therefore cannot be entertained without leave from the Fourth Circuit. Regardless of whether these particular grounds for relief have been presented before, they cannot be presented in this successive petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies.[1] *Id.* § 2244(b)(2). Petitioner has presented no facts that relate to any of the statutory exceptions. He does use the words "newly discovered evidence" in his petition; however, Petitioner merely reports that the solicitor at trial mentioned DNA evidence in the custody of DSS. ECF No. 1 at 16. Petitioner also attaches letters showing that he has tried to gather information on the DNA evidence, to no avail. ECF No. 1-1 at 1-2. A subject discussed at trial would not be "newly discovered" for the purposes of the exception.

The "AEDPA does not define 'second or successive.'" *US v. Orozco-Ramirez*, 211

---

[1] An exception applies if:
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

F.3d 862, 867 (5th Cir. 2000). The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-489 (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See Harvey v. Horan*, 278 F.3d 370 (4th Cir. 2002)(dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive) (abrogated on other grounds, *Skinner v. Switzer*, 131 S.Ct. 1289 (2011).

As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules.[2] *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467 (1991); Section 106 of the AEDPA, Public Law 104-132, 110 U.S.Stat. 1214; *Bennett v. Angelone*, 92 F.3d 1336 (4th Cir. 1996).

## Conclusion

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, and without requiring the respondents to file a return. **Petitioner's attention is directed to the notice on the following page.**

s/Kevin McDonald

Kevin F. McDonald
United States Magistrate Judge

December 30, 2013
Greenville, South Carolina

---

[2] Rules Governing Section 2254 Cases in the United States District Courts, Rule 9, Second or Successive Petitions: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

5